IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

G.D, D.D, E.P., P.P., J.O. and
S.K., individuals*,*

        Plaintiffs,

v.                                  Case No.   06-2184-CM

MONARCH PLASTIC SURGERY, P.A. and
DANIEL BORTNICK, M.D.,

        Defendants.

## **ORDER**

This matter comes before the court upon defendants' Motion to Compel (Doc. 61). According to defendants' motion, defendants seek full and complete responses from *each* plaintiff in this case. D. Kan. R. 37.1(a) provides in pertinent part:

> Motions under Fed. R. Civ. P. 26(c) or 37(a) directed at depositions, interrogatories, requests for production or inspection, or requests for admission under Fed. R. Civ. P. 30, 33, 34, or 36 or at the responses thereto, *shall be accompanied by copies of the notices of depositions, the portions of the interrogatories, requests or responses in dispute* (emphasis added).

Defendants have not attached to their motion to compel the interrogatories and responses in dispute as to each plaintiff. Rather, defendants have only provided plaintiff G.D.'s interrogatories and responses. Defendants, in their motion, explain this omission in a lengthy footnote stating, "[E]ach plaintiff's responses contain the same objections to the same propounded interrogatories[.] ... This is done in the interests of brevity and in an attempt to avoid filing responses of each plaintiff as a voluminous exhibit."[1] However, defendants also state that

---

[1] Defendant's Motion to Compel (Doc. 61) at p. 2 n.1.

"[S]ome of the specific responses to the interrogatories may differ from plaintiff to plaintiff[.]"[2]

Under these circumstances, the court shall order defendants to supplement their Motion to Compel (Doc. 61). This court's local rules are clear that any motion to compel directed at interrogatories *shall be* accompanied by the portions of the interrogatories, requests, or responses in dispute. The court fails to find any authority contained in the Federal Rules of Civil Procedure or this court's own local rules authorizing the approach that defendants have taken in this motion. Rather, the court finds that if defendants seek to compel full and complete responses as to each plaintiff, then each plaintiff's individual responses must be provided. While defendants contend this would amount to a "voluminous exhibit," the court disagrees and finds that attaching six separate exhibits – amounting to approximately eight pages per exhibit – to defendants' motion would hardly constitute a "voluminous exhibit." The court notes that parties regularly attach far lengthier exhibits to motions before this court. Moreover, the court is not inclined to speculate as to what the additional plaintiffs' individual responses actually contained – particularly since defendants acknowledge, ""[S]ome of the specific responses to the interrogatories may differ from plaintiff to plaintiff[.]"[3]

Therefore, because defendants have failed to attach to their motion to compel the interrogatories and responses in dispute as to each plaintiff as required by this court's local rules, and because the court will not speculate as to the exact responses provided by the additional plaintiffs other than G.D., the court shall order defendants to supplement their motion. Accordingly,

---

[2]*Id.*

[3]*Id.*

**IT IS THEREFORE ORDERED** that on or before **January 11, 2007**, defendants shall file, as a supplement to their Motion to Compel (Doc. 61), all interrogatories and responses thereto that are the subject of their Motion to Compel.

**IT IS SO ORDERED.**

Dated this 4th day of January, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius<br>
K. GARY SEBELIUS<br>
U.S. MAGISTRATE JUDGE