IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

G.D, D.D, E.P., P.P., J.O. and
S.K., individuals,

                    Plaintiffs,

v.                                                    Case No.   06-2184-CM

MONARCH PLASTIC SURGERY, P.A. and
DANIEL BORTNICK, M.D.,

                    Defendants.

_____

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL

        This matter comes before the court upon defendants' Motion to Compel (Doc. 61).

Specifically, defendants seek an order compelling plaintiffs to provide full and complete

responses to interrogatories defendants submitted to plaintiff.  Plaintiffs filed a timely response

in opposition to defendants' motion (Doc. 71).  No replies were filed and the time for doing so

has expired.  On January 4, 2007, the court ordered defendants to supplement their motion to

compel, as defendants had failed to attach all interrogatory responses that were in dispute.[1]

Defendants filed their supplement to their motion (Doc. 83) on January 10, 2007.  The court

therefore deems this matter ripe for disposition.

        Plaintiffs filed their complaint in the United States District Court for the District of

Kansas on May 5, 2006, alleging eight separate causes of action all of which arise from

_____

        [1]*See* Order to Supplement (Doc. 82).

defendants' alleged wrongful disclosure of plaintiffs' confidential medical information.[2]  For the reasons stated below, the court will grant in part and deny in part defendants' motion.

**I.    Discussion**

**A.    Certification**

As an initial matter, the court considers whether plaintiffs have satisfied the good faith certification requirement.  Fed. R. Civ. P. 37(a)(2)(B) requires that a motion seeking an order to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure."[3]  In addition, D. Kan. R. 37.2 states that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."[4]  Failure to confer or failing to attempt to confer may result in unnecessary motions. "When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[5]  "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[6]  "It requires that the parties in good faith converse, confer,

---

[2]Plaintiffs' First Amended Complaint (Doc. 2).

[3] Fed. R. Civ. P. 37(a)(2)(B).

[4] D. Kan. R. 37.2.  "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."  *Id.*

[5]*Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 302 (D. Kan. 1996).

[6] D. Kan. Rule 37.2.

compare views, consult and deliberate, or in good faith attempt to do so."[7]

Defendants state in their motion, "Since receiving [plaintiffs'] objection, counsel for defendants has expressed to counsel for plaintiffs on numerous occasions, via email and other in-person and telephone conversations that defendants feel the objections are without merit, and that the issues needed to be discussed."[8]  Plaintiffs, on the other hand, contend that defendants have not satisfied the certification requirement.  Plaintiffs attach to their response a series of e-mails between opposing counsel that plaintiffs contend demonstrates defendants have failed to meet the certification requirement.  The court disagrees.  Rather, the court finds that the series of e-mails exchanged between opposing counsel indicates that there has most certainly been a good faith *attempt* to confer and converse regarding this discovery dispute.  The court finds that this good faith attempt to confer satisfies the certification requirement and therefore overrules plaintiffs' objection as to this issue.

### B.  Interrogatories directed at plaintiffs G.D., E.P., S.K., D.D., and P.P.[9]

Defendants seek full and complete responses to Interrogatory Nos. 3, 4, 10, 13, 15, 16, 22, and 26.  The court now will address each interrogatory at issue as well as plaintiff G.D., E.P., S.K., D.D., and P.P.'s responses thereto.

### 1.  Interrogatory No. 3.

Interrogatory No. 3 asks, "Except for this lawsuit, have you ever made a claim for

---

[7] *Id.*

[8] Defendants' Motion to Compel (Doc. 61) at 2.

[9] Defendants, in their Supplement (Doc. 83) at fn.1, state, "[T]his present motion is inapplicable to plaintiff J.O."

personal injury or been a party to any lawsuit?"  Plaintiffs G.D., S.K., P.P, D.D. each responded to this interrogatory by placing an "X" next to the "No" option, and then objected, stating,

> "Objection.  The request relating to information on "any lawsuit" is unreasonably broad and unduly burdensome and seeks information not reasonably available to plaintiff.  Also the request is not reasonably calculated to lead to discovery of admissible evidence."

Defendants assert that this objection is without merit.  However, the court notes that defendants appear to overlook the fact that each plaintiff except E.P. checked "No" to this question and therefore communicated that these plaintiffs have not been involved in prior lawsuits.  In the court's view, an answer of "No" to this interrogatory is a full and complete response.  While the court notes that it is curious that these plaintiffs would answer "No" to this question and then go on to make an objection, the court nonetheless finds that plaintiffs G.D., S.K., P.P and D.D. have all provided a full and complete response to this interrogatory.

Plaintiff E.P. indicated that she had been involved in prior lawsuits, yet did not respond to defendants' interrogatory and instead stated:

> "Objection.  The request relating to information on "any lawsuit" is unreasonably broad and unduly burdensome and seeks information not reasonably available to plaintiff.  Also the request is not reasonably calculated to lead to discovery of admissible evidence."

The court now will address plaintiff E.P's objections.

### a.        Overbreadth Objection.

A party objecting to discovery on the basis of overbreadth must substantiate its objection, unless the objection appears overly broad on its face.[10]  The court finds that plaintiff E.P. has

---

[10] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999).

made only a conclusory statement that the request is overly broad.  Plaintiff E.P. has failed to

substantiate this objection.  Further, the court finds that this interrogatory does not appear overly

broad on its face.  Therefore, the court overrules this objection.

### b.      Unduly Burdensome Objection.

In opposing discovery on the grounds of burdensomeness, a party has "the burden to

show facts justifying their objection by demonstrating that the time or expense involved in

responding to requested discovery is unduly burdensome."[11]  "This imposes an obligation to

provide sufficient detail in terms of time, money and procedure required to produce the requested

documents."[12]  "Discovery should be allowed unless the hardship is unreasonable in light of the

benefits to be secured from the discovery."[13]

Here, plaintiff has stated only that complying with defendants' interrogatory would be

"unduly burdensome in that it requires plaintiff to obtain information not reasonably available to

her."  The court finds that plaintiff has not provided sufficient details or information in terms of

time, money, or procedure involved in complying with this request.  The court cannot speculate

on the nature of the burden to plaintiff in complying with this request, and as a result, the court

cannot balance the burden of production to plaintiff against the benefits of production to

defendants.  The court finds that plaintiff has failed to substantiate these objections, and,

therefore, the court overrules plaintiff's undue burden objection.

---

[11] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002).

[12] *Id.*

[13] *Employers Comm. Union Ins. Co. of Am. v. Browning-Ferris Indus.*, 1993 U.S. Dist. LEXIS 21098, at *17-18 (D. Kan. Apr. 5, 1993).

### c.    Relevancy Objection

Plaintiff E.P. also objects that this interrogatory "is not reasonably calculated to lead to discovery of admissible evidence."  The court shall construe such objection as one based upon relevancy.

Relevancy is "broadly construed," and a discovery request "should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party."[14]  "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[15]  When relevancy is *not* readily apparent, however, the party seeking discovery has the burden of showing the relevancy of the discovery request.[16]  A request for discovery "should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action."

This case involves claims against a plastic surgery clinic and one of its doctors for the alleged wrongful disclosure of confidential medical records regarding the plaintiff patients. Due

---

[14] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[15] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[16] *Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citing *Evello Invs. N.V. v. Printed Media Servs.,* 1995 U.S. Dist. LEXIS 4069).

to the nature of this action, the court finds that the prior litigation history of the plaintiff, as contained in Interrogatory No. 3 carries a relevancy that is readily apparent, and therefore the burden falls to the plaintiff (i.e. the party resisting discovery) to establish the lack of relevance or marginal utility of such information under Fed. R. Civ. P. 26(b)(1).[17]  Plaintiff has done neither, and instead has merely made a conclusory statement that the interrogatories are " not reasonably calculated to lead to discovery of admissible evidence."  Therefore, the court finds that plaintiff E.P. has not met her burden to substantiate her objections and the court will order plaintiff E.P. to provide a full and complete response to Interrogatory No. 3.

**2.     Interrogatory No. 4**

Interrogatory No. 4 asks:

> For each of your employers during the past ten years, please state:
>> (a)     the name and address of each employer;
>> (b)     the inclusive dates of your employment;
>> (c)     each title or position which you held;
>> (d)     the nature of the work performed and scope of duties in each position; and
>> (e)     the name of your immediate supervisor in each position.

All plaintiffs responded:

> Objection.  The request is unreasonably broad and unduly burdensome in that it requires plaintiff to obtain information not reasonably available to her.  Also, the request is not reasonably calculated to lead to discovery of admissible evidence.

The court now will address each objection.

---

[17]  *See Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

### a.  Overbreadth Objection.

A party objecting to discovery on the basis of overbreadth must substantiate its objection, unless the objection appears overly broad on its face.[18]  The court finds that plaintiffs have each made only a conclusory statement that the request is overly broad.  Plaintiffs have failed to substantiate this objection.  Further, the court finds that this interrogatory does not appear overly broad on its face.  Therefore, the court overrules this objection.

### b.  Unduly Burdensome Objection.

In opposing discovery on the grounds of burdensomeness, a party has "the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[19]  "This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents."[20]  "Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery."[21]

Here, plaintiffs have stated only that answering defendants' interrogatory would be "unduly burdensome in that it requires plaintiff to obtain information not reasonably available to her."  The court finds that plaintiffs have not provided sufficient details or information in terms

---

[18] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999).

[19] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002).

[20] *Id.*

[21] *Employers Comm. Union Ins. Co. of Am. v. Browning-Ferris Indus.*, 1993 U.S. Dist. LEXIS 21098, at *17-18 (D. Kan. Apr. 5, 1993).

of time, money, or procedure involved in complying with this request.  The court cannot speculate on the nature of the burden to plaintiffs in complying with this request, and as a result, the court cannot balance the burden of production to plaintiffs against the benefits of production to defendants.  The court finds that plaintiffs failed to substantiate these objections, and, therefore, the court overrules plaintiffs' undue burden objections.

### c.      Relevancy Objection.

Relevancy is "broadly construed," and a discovery request "should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party."[22]  "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[23]  When relevancy is *not* readily apparent, however, the party seeking discovery has the burden of showing the relevancy of the discovery request.[24]  A request for discovery "should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action."

---

[22] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[23] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[24]*Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citing *Evello Invs. N.V. v. Printed Media Servs.*, 1995 U.S. Dist. LEXIS 4069).

This case involves claims of wrongful disclosure of confidential medical records of the plaintiff patients by defendant plastic surgery clinic and one of its doctors.  Due to the nature of this action, the court finds that the ten-year prior work history of the plaintiffs, as contained in Interrogatory No. 4 carries a relevancy that is *not* readily apparent, and therefore the burden falls to the defendant (i.e. the party seeking discovery) to establish the relevance by demonstrating that the information sought is relevant under Fed. R. Civ. P. 26(b)(1).[25]  Defendants have not done so.  Instead, defendants merely have made a conclusory statement in their motion that the interrogatories are relevant "in order to fully explore and defend themselves against plaintiffs' claims."   The court is unpersuaded by this argument.  Therefore, the court finds that defendants have not met their burden and the court hereby sustains plaintiffs' relevancy objections as to Interrogatory No. 4.

### 3.    Interrogatory No. 10.

Defendants' Interrogatory No. 10 asks:

> If you are now receiving, or have ever received, any pension, benefits, income, insurance, or any other compensation from any source for injury, condition, or disability, please state:
>
> (a)    the nature of such payments;
>
> (b)    the dates you received such payments;
>
> (c)    the injury, condition, or disability for which you received such payment(s), along with a description of how such injury or disability occurred or arose; and
>
> (d)    the name and address of the entity or agency that made payment(s).

Each plaintiff – except S.K. – responded:

> Objection.  The request is unreasonably broad [and] unduly burdensome in that it

---

[25]  *See Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

> requires plaintiff to obtain information not reasonably available to her and is not
> reasonably calculated to lead to discovery of admissible evidence.  Without
> waiving the objection, none with respect to the injuries claimed in this litigation
> plaintiff states: N/A.

Plaintiff S.K. provided the above objection; however, plaintiff S.K. did not respond with an "N/A" as the other plaintiffs did.   Again, defendants appear to have filed their motion based upon plaintiffs' general objections and failed to notice plaintiffs' response of "N/A" to this interrogatory.  It is the court's view that an answer of "N/A" is a full and complete response as to plaintiffs G.D., E.P., P.P., and D.D. in that these plaintiffs have responded that they have never received benefits of the nature Interrogatory No. 10 contemplates.  Therefore, the court will deny defendants' motion as to this interrogatory.

However, because plaintiff S.K. merely objected and did not indicate "N/A," the court shall evaluate S.K.'s objections.

### a.      Overbreadth Objection.

A party objecting to discovery on the basis of overbreadth must substantiate its objection, unless the objection appears overly broad on its face.[26]  The court finds that S.K. has made only a conclusory statement that the request is overly broad.  S.K. also has failed to substantiate this objection.  Further, the court finds that this interrogatory does not appear overly broad on its face.  Therefore, the court overrules this objection.

### b.      Unduly Burdensome Objection.

In opposing discovery on the grounds of burdensomeness, a party has "the burden to

---

[26] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999).

show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[27]  "This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents."[28]  "Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery."[29]

Here, S.K. stated only that answering defendants' interrogatory would be "unduly burdensome in that it requires plaintiff to obtain information not reasonably available to her ." The court finds that plaintiff S.K. has not provided sufficient details or information in terms of time, money, or procedure involved in complying with this request.  The court cannot speculate on the nature of the burden to S.K. in complying with this request, and as a result, the court cannot balance the burden of production to S.K. against the benefits of production to defendants. The court finds that S.K. has failed to substantiate these objections, and, therefore, the court overrules this objection.

### c.    Relevancy Objection.

Relevancy is "broadly construed," and a discovery request "should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or

---

[27] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002).

[28] *Id.*

[29] *Employers Comm. Union Ins. Co. of Am. v. Browning-Ferris Indus.*, 1993 U.S. Dist. LEXIS 21098, at *17-18 (D. Kan. Apr. 5, 1993).

defense of any party."[30]  "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[31]  When relevancy is *not* readily apparent, however, the party seeking discovery has the burden of showing the relevancy of the discovery request.[32]  A request for discovery "should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action."

This case involves claims of wrongful disclosure of confidential medical records by the defendants and the emotional distress such disclosure caused the plaintiff patients.

Due to the nature of this action, the court finds that any pension, benefits, income, insurance, or any other compensation from any source for injury, condition, or disability that plaintiffs have received, as contained in Interrogatory No. 10 carries a relevancy that is not readily apparent, and therefore the burden falls to the defendants (i.e. the parties seeking discovery) to establish the relevance by demonstrating that the information sought is relevant under Fed. R. Civ. P. 26(b)(1); or that the requested discovery is of such relevance that the potential harm occasioned by discovery would not outweigh the ordinary presumption in favor of

---

[30] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[31] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[32]*Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citing *Evello Invs. N.V. v. Printed Media Servs.,* 1995 U.S. Dist. LEXIS 4069).

broad discovery.[33]  Defendants have argued that the discovery is relevant "particularly if it came

to light that a plaintiff has received or is receiving compensation for an injury that turns out to be

related to an injury alleged in this suit."[34]   The court is unpersuaded by this argument.  Rather,

the court finds this argument to be too attenuated to the circumstances of this case and therefore

finds that defendants have not met their burden and the court hereby sustains plaintiff S.K.'s

relevancy objection as to Interrogatory No. 10.

### 4.     Interrogatory No. 13.

Interrogatory No. 13 asks:

> Other than alleged mental or emotional distress and pain and suffering related to
> this lawsuit, have you ever suffered any mental or emotional illness or condition,
> or have you suffered any physical injuries, serious illness, sickness, disease
> requiring hospitalization; or any surgical operations during the past 15 years?
> [Yes ( ) or No ( )] If yes, please state:
>
> > (a)     description of the mental or emotional distress or physical injury,
> > including body part(s), of the injury/illness/disease/operation;
> >
> > (b)     the date or time frame of suffering the mental or emotional distress
> > or the injury/illness/disease/operation;
> >
> > (c)     a description of the cause of the mental or emotional distress or the
> > injury/illness/disease;
> >
> > (d)     names and addresses of all treatment providers who you saw
> > related to the mental or emotional distress or the
> > injury/illness/disease/operation; and
> >
> > (e)     date of last Petition related to the mental or emotional distress or
> > the injury/illness/disease/operation.

All plaintiffs responded: "Yes (X)" to this interrogatory.  All plaintiffs also stated the
following:

> Objection.  This request is unreasonably broad, too remote in time, unduly
> burdensome and is not reasonably calculated to lead to discovery of admissible

---

[33] *See Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[34]Defendants' Motion to Compel (Doc. 61), at p. 8.

evidence.  Without waiving the objection, plaintiff states as follows:

Each plaintiff then provided these additional responses:

| | |
|---|---|
| [Plaintiff G.D.] | Dr. Fleming prescribed for me in 2005 for anxiety [as to plaintiff G.D.]; |
| [Plaintiff D.D.] | Natural Childbirth 12/29/98, St Lukes Northland Hospital, Richard Kalbac, M.D. [as to plaintiff D.D.]; |
| [Plaintiff E.P.] | Depression, 2003, Ronald Nichols, M.D., 12330 Metcalf, Overland Park, KS |
| | Hysterectomy/Hernia Surgery, 1999, Kaiser Surgeries - Baptist Hospital, Kansas City, MO |
| | Breast Reduction, 2002, Jeff Dillow, M.D., Monarch Plastic Surgery, 5401 College, Leawood, KS |
| | Emotional Distress, June or July 2005 (When new insurance benefits were received I went for check up and meds.), Ronald Nichols, M.D., 12330 Metcalf, Overland Park, KS |
| [Plaintiff S.K.] | I suffered sleeplessness, anxiety and embarrassment from the time of the awareness of the public concerning the computer files to present. |
| [Plaintiff P.P.] | Breast Surgery October 2001 |
| | Breast Surgery January 2002 |
| | Regina Nouhan, M.D. Monarch Plastic Surgery |

The court now shalladdress plaintiffs' general objections.

### a.    Overbreadth Objection.

A party objecting to discovery on the basis of overbreadth must substantiate its objection, unless the objection appears overly broad on its face.[35]  The court finds that plaintiffs have made only a conclusory statement that the request is overly broad.  Plaintiffs have also failed to

---

[35] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999).

substantiate this objection.  Further, the court finds that this interrogatory does not appear overly broad on its face.  Therefore, the court overrules this objection.

### b.      Unduly Burdensome Objection.

In opposing discovery on the grounds of burdensomeness, a party has "the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[36]  "This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents."[37]  "Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery."[38]

Here, plaintiffs have stated only that answering defendants' interrogatory would be "unduly burdensome."  The court finds that plaintiffs have not provided sufficient details or information in terms of time, money, or procedure involved in complying with this request.  The court cannot speculate on the nature of the burden to plaintiffs in complying with this request, and as a result, the court cannot balance the burden of production to plaintiffs against the benefits of production to defendants.  The court finds that plaintiffs have failed to substantiate these objections, and, therefore, the court overrules plaintiffs' undue burden objection.

### c.      Relevancy Objection.

---

[36] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002).

[37] *Id.*

[38] *Employers Comm. Union Ins. Co. of Am. v. Browning-Ferris Indus.*, 1993 U.S. Dist. LEXIS 21098, at *17-18 (D. Kan. Apr. 5, 1993).

Relevancy is "broadly construed," and a discovery request "should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party."[39]  "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[40]  When relevancy is *not* readily apparent, however, the party seeking discovery has the burden of showing the relevancy of the discovery request.[41]  A request for discovery "should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action."

This case involves claims of wrongful disclosure of confidential medical records and the emotional distress such disclosure allegedly caused the plaintiffs.  Due to the nature of this action, the court finds that the prior mental or emotional illnesses or conditions of plaintiffs, as contained in Interrogatory No. 13 carries a relevancy that *is* readily apparent, and therefore the burden falls to the plaintiffs (i.e. the party resisting discovery) to establish the lack of relevance by demonstrating that the information sought is not relevant under Fed. R. Civ. P. 26(b)(1); or that the requested discovery is of such marginal relevance that the potential harm occasioned by

---

[39] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[40] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[41] *Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citing *Evello Invs. N.V. v. Printed Media Servs.*, 1995 U.S. Dist. LEXIS 4069).

discovery would outweigh the ordinary presumption in favor of broad discovery.[42]  Plaintiffs

have done neither, and instead merely made a conclusory statement that the interrogatory is

irrelevant.   Therefore, the court finds that plaintiffs have not met their burden to substantiate

their objection and the court hereby overrules plaintiffs' relevancy objection as to Interrogatory

No. 13.

### d.    Remoteness in Time Objection.

Plaintiffs additionally object to Interrogatory No. 13 on the basis that it is "too remote in

time."  The court disagrees that treatment over the past fifteen years is too remote in time and

overrules this objection.  Therefore, the court overrules all objections to this interrogatory and

shall order plaintiffs to provide a full and complete response to Interrogatory No. 13.

### 5.    Interrogatory No. 15.

Defendants' Interrogatory No. 15 asks:

> Have you ever consulted or been treated by a psychiatrist, psychologist, therapist,
> or other type of counselor or clergy member for any mental, emotional, or
> nervous condition or Petition, alcoholism, narcotic addiction, or other disorder
> within the past fifteen years? [Yes ( ) or No ( )] If yes, please state:
>
> (a)    the name and address of the practitioner, counselor, or clergy
>        member;
>
> (b)    the period of time during which you were treated;
>
> (c)    the condition for which you were treated; and
>
> (d)    the name and address of each institution which you have entered or
>        to which you have been committed for such treatment or condition,
>        if applicable.

Plaintiffs all responded:

---

[42] *See Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

> [Yes ( ) or No ( X)]. [...] Objection.  This request is unreasonably broad, too remote in time, unduly burdensome and is not reasonably calculated to lead to discovery of admissible evidence.  The question is also redundant.

As is the case with Interrogatory Nos. 3 and 10, plaintiffs G.D., D.D., E.P., S.K. and P.P., in responding "No" to this interrogatory have, in the court's view, provided a full and complete response to defendants' interrogatory.  Therefore, the court will deny defendants' motion as to this interrogatory.

### 6.   Interrogatory No. 16.

Defendants' Interrogatory No. 16 asks:

> Please describe in detail the material facts supporting your claim that each defendant breached their fiduciary duty to the plaintiff.

Plaintiffs G.D., D.D., and P.P. responded:

> Objection.  This request is unduly burdensome in seeking an extended narrative.  It also seeks an explanation from lay witnesses as to a legal conclusion.  The question is too remote in time[,] unreasonably broad[,] and is not reasonably calculated to lead to discovery of admissible evidence.  The request is vague and ambiguous as to meaning of "petition."  Without waiving the objection, defendants acted recklessly and negligently in allowing the computer to be taken home by Dr. Bortnick who then put it on the curb where anyone could acquire it.

Plaintiffs S.K. and E.P. responded:

> Objection.  This request is unduly burdensome in seeking an extended narrative.  It also seeks an explanation from lay witnesses as to a legal conclusion.  The question is too remote in time[,] unreasonably broad[,] and is not reasonably calculated to lead to discovery of admissible evidence.  The request is vague and ambiguous as to meaning of "petition."

Generally, an interrogatory seeking material facts a party contends supports its case

-19-

would be considered a contention interrogatory.  Fed. R. Civ. P. 33(c) expressly recognizes and permits the use of contention interrogatories.  It provides that "an interrogatory otherwise proper is not necessarily objectionable because an answer to the interrogatory involves an opinion or contention that related to fact or the application of law to fact, ..."  The court now will address plaintiffs' objections.

### a.    Unduly Burdensome Objection.

In opposing discovery on the grounds of burdensomeness, a party has "the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[43]  "This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents."[44]  "Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery."[45]

Here, plaintiffs have stated only that answering defendants' interrogatory would be "unduly burdensome in seeking an extended narrative."  The court finds that plaintiffs have not provided sufficient details or information in terms of time, money, or procedure involved in complying with this request.  The court cannot speculate on the nature of the burden to plaintiffs in complying with this request, and as a result, the court cannot balance the burden of production

---

[43] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002).

[44] *Id.*

[45] *Employers Comm. Union Ins. Co. of Am. v. Browning-Ferris Indus.*, 1993 U.S. Dist. LEXIS 21098, at *17-18 (D. Kan. Apr. 5, 1993).

to plaintiffs against the benefits of production to defendants.  The court finds that plaintiffs have failed to substantiate these objections, and, therefore, the court overrules plaintiffs' undue burden objections.

### b.      Objection Based on Lay Witness Providing a Legal Conclusion.

Plaintiffs also object by stating that Interrogatory No. 16 "seeks an explanation from lay witnesses as to a legal conclusion."  The court finds that this is not a proper objection to an interrogatory.  As the court previously stated, the Federal Rules of Civil Procedure expressly authorize contention interrogatories and that "an interrogatory otherwise proper is not necessarily objectionable because an answer to the interrogatory involves an opinion or contention that related to fact or the application of law to fact, ..."  Therefore, the court will overrule this objection.

### c.      Objection Based on Remoteness in Time.

Plaintiffs additionally object to Interrogatory No. 16 on the basis that it is "too remote in time."  The court disagrees, finds this objection to be without merit as to this interrogatory, and overrules this objection.

### d.      Overbreadth Objection.

A party objecting to discovery on the basis of overbreadth must substantiate its objection, unless the objection appears overly broad on its face.[46]  The court finds that plaintiffs have made only a conclusory statement that the request is overly broad.  Plaintiffs have failed to substantiate

---

[46] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999).

this objection.  Further, the court finds that this interrogatory does not appear overly broad on its face.  Therefore, the court overrules this objection.

### e.    Relevancy Objection.

Once again, relevancy is "broadly construed," and a discovery request "should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party."[47]  "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[48]  When relevancy is *not* readily apparent, however, the party seeking discovery has the burden of showing the relevancy of the discovery request.[49]  A request for discovery "should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action."

As previously stated, this case involves claims of wrongful disclosure of plaintiffs' confidential medical records by defendants and the emotional distress such disclosure allegedly caused the plaintiffs.  Due to the nature of this action, the court finds that material facts

---

[47] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[48] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[49] *Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citing *Evello Invs. N.V. v. Printed Media Servs.*, 1995 U.S. Dist. LEXIS 4069).

supporting the claims of plaintiffs, as contained in Interrogatory No. 16 carries a relevancy that *is* readily apparent, and therefore the burden falls to the plaintiffs (i.e. the parties resisting discovery) to establish the lack of relevance by demonstrating that the information sought is not relevant under Fed. R. Civ. P. 26(b)(1); or that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.[50]  Plaintiffs have done neither, and instead have merely made a conclusory statement that the interrogatory is irrelevant.   Therefore, the court finds that plaintiffs have not met their burden to substantiate its objection and the court hereby overrules plaintiffs' relevancy objection as to Interrogatory No. 16.

### f.        Vague/Ambiguous Objection.

Finally, the court will overrule plaintiffs' objection based upon plaintiffs' contention that "The request is vague and ambiguous as to the meaning of 'petition.'" The court fails to find the word "petition" contained in Interrogatory No. 16 and as a result finds this objection to be without merit.[51]  Therefore, the court overrules all objections to this interrogatory and shall order plaintiffs to provide a full and complete response to Interrogatory No. 16.

### 7.        Interrogatory No. 22.

Interrogatory No. 22 asks:

> If you or anyone on your behalf has obtained the names or addresses of any persons who have, or claim to have personal knowledge concerning

---

[50]  *See Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[51]Although the court does note a curious use of the word "Petition" contained in defendants' Interrogatories Nos. 13 and 15.  However, plaintiffs did not raise such objection as to those interrogatories and it is therefore waived.

the occurrence, injuries, or damages alleged in your Petition for damages, please state the name and last known address of each such person.

Plaintiffs G.D., D.D., S.K, E.P., and P.P. each. responded:

Objection as this information will be provided in accordance with the Scheduling Order and invades attorney client and work product privileges.

The court now will address plaintiffs' objections.

a.    **Attorney-Client Privilege Objection/ Work Product Objection.**

The attorney client privilege only protects communications between the attorney and the client.[52]  Moreover, it is well settled that when a party withholds documents or other information based upon a privilege or work product immunity, the party "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."[53]  A blanket claim as to the applicability of the privilege/work product doctrine does not satisfy the burden of proof.[54]  Moreover, the objecting party has the burden to establish the existence of the privilege/immunity prior to the time that the court is asked to determine its sufficiency and applicability.[55]  Having done neither, and instead making conclusory statements that attorney-client privilege and work

---

[52]*See Lewis v. UNUM Corp. Severance Plan*, 203 F.R.D. 615, 618 (D. Kan. 2001)(citations omitted).

[53]Fed. R. Civ. P. 26(b)(5).

[54]*McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000)(citations omitted).

[55]*Rural Water Sys. Ins. Benefit Trust v. Group Ins. Adm'rs, Inc.,* 160 F.R.D. 605, 608 (D. Kan. 1995).

product privilege apply, the court will overrule plaintiffs' objections.

> **b.      Objection Based on Initial and Supplemental Disclosures.**

Plaintiffs also object to this interrogatory because it requests information previously produced to defendants in plaintiffs' Rule 26(a)(1) disclosures as well as information that will be contained in plaintiffs' supplemental disclosures pursuant to the Scheduling Order in this case. The court is unpersuaded by this objection.  "That different discovery requests for discovery may draw on the same or similar information does not necessarily create grounds for objection."[56] Fed. R. Civ. P. 26(b)(2) provides that discovery methods may be limited by the court if it is determined that "the discovery sought is unreasonably cumulative or duplicative."[57]  The court finds that plaintiffs have made no showing that Interrogatory No. 22 requests information that is unreasonably cumulative or duplicative.  Therefore, the court overrules this objection and shall order plaintiffs to provide full and complete responses as to Interrogatory No. 22.

> **8.      Interrogatory No. 26.**

Interrogatory No. 26 asks:

> Did you have access to the internet during the years 2004 through the present?  If your answer is anything other than an unqualified "no," please state the following:
>
>> (a)      Who was your internet service provider during the period from 2004 through the present?
>>
>> (b)      What was your e-mail address during the period from 2004 through the present?
>>
>> (c)      Did you visit any websites maintained or operated by KCTV5/Merideth Broadcasting from June of 2005 through

---

[56] *Mike v. Dymon, Inc.*, No. 95-2405, 1996 U.S. Dist. LEXIS 17329, at *9 (D. Kan. Nov. 15, 1996).

[57] Fed. R. Civ. P. 26(b)(2).

the present for any reason in regards to the allegations at issue in this lawsuit[?]

(d)     Did you participate in any chat rooms, instant message boards, or other on-line communications with anyone from June of 2005 through the present in regards to the allegations at issue in this lawsuit?

Plaintiff G.D., D.D., E.P., S.K., and P.P. each responded:

Objection.  The request is overly burdensome, intrusive into plaintiff's privacy and not reasonably calculated to lead to the discovery of admissible evidence.

The court now will address plaintiffs' objections.

### a.     Overly Burdensome Objection.

Once again, in opposing discovery on the grounds of burdensomeness, a party has "the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[58]  "This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents."[59]  "Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery."[60]

Here, plaintiffs have stated only that complying with defendants' interrogatory would be "overly burdensome."  The court finds that plaintiffs have not provided sufficient details or information in terms of time, money, or procedure involved in complying with this request.  The

---

[58] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002).

[59] *Id.*

[60] *Employers Comm. Union Ins. Co. of Am. v. Browning-Ferris Indus.*, 1993 U.S. Dist. LEXIS 21098, at *17-18 (D. Kan. Apr. 5, 1993).

court cannot speculate on the nature of the burden to plaintiffs in complying with this request, and as a result, the court cannot balance the burden of production to plaintiffs against the benefits of production to defendants.  The court finds that plaintiffs have failed to substantiate these objections, and, therefore, the court overrules plaintiffs' overly burdensome objections.

### b.    Relevancy Objection.

Once again, relevancy is "broadly construed," and a discovery request "should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party."[61]  "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[62]  When relevancy is *not* readily apparent, however, the party seeking discovery has the burden of showing the relevancy of the discovery request.[63]  A request for discovery "should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action."

As previously stated, this case involves claims of wrongful disclosure to a local news

---

[61] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[62] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[63] *Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citing *Evello Invs. N.V. v. Printed Media Servs.,* 1995 U.S. Dist. LEXIS 4069).

station of plaintiffs' confidential medical records by the defendant plastic surgery clinic and one

of its doctors and the emotional distress such disclosure cause the plaintiffs.  Due to the nature of

this action, the court finds that information regarding plaintiffs' access to the Internet, as

contained in Interrogatory No. 26, carries a relevancy that *is* readily apparent, and therefore the

burden falls to the plaintiffs (i.e. the parties resisting discovery) to establish the lack of relevance

by demonstrating that the information sought is not relevant under Fed. R. Civ. P. 26(b)(1); or

that the requested discovery is of such marginal relevance that the potential harm occasioned by

discovery would outweigh the ordinary presumption in favor of broad discovery.[64]  Plaintiffs

have done neither, and instead merely have made a conclusory statement that the interrogatory is

irrelevant.   Therefore, the court finds that plaintiffs have not met their burden to substantiate

their objection and the court hereby overrules plaintiffs' relevancy objection as to Interrogatory

No. 26.

### c.        Privacy Objection.

Plaintiffs state that Interrogatory No. 26 is "intrusive into plaintiff's privacy."  Plaintiffs

fail to provide a specific statute or law under which plaintiffs claim such privacy protection, nor

have plaintiffs moved for a protective order on this issue.  Rather, plaintiffs state in their

response, "There is no reason for the Defendants to know the Plaintiffs['] email address or

Internet Service Provider so that such information can also become public along with the

Plaintiffs' identities[."][65]   The court construes this objection to be one based upon relevancy.  As

such, the court has already concluded that the information sought appears relevant and that

---

[64] *See Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[65]Plaintiffs' Response to Defendants' Motion to Compel (Doc. 71) at p. 10.

plaintiffs have failed to carry their burden to demonstrate the irrelevancy of defendants'

interrogatory.  As such, the court shall overrule this objection and order plaintiffs to provide a

full and complete response to defendants' Interrogatory No. 26.

## II.      Sanctions

Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If a motion to compel is granted . . . , the court *shall*, after affording an
> opportunity to be heard, require the party . . . whose conduct necessitated the
> motion or the party or attorney advising such conduct or both of them to pay to
> the moving party the reasonable expenses incurred in making the motion,
> including attorney's fees, unless the court finds that the motion was filed without
> movant's first making a good faith effort to obtain the disclosure or discovery
> without court action, or that the opposing party's nondisclosure, response, or
> objection was substantially justified, or that other circumstances make an award
> of expenses unjust. (emphasis added).

Fed. R. Civ. P. 37(a)(4)(C) "allows a court to impose sanctions where, as here, a motion to

compel is granted in part and denied in part.  Under that rule, the court *may* 'apportion the

reasonable expenses incurred in relation to the motion among the parties and persons in a just

manner.'"[66]

In this case, the court is not inclined to assess sanctions at this time.   However, should

any party fail to abide by the decision of this court, the court will not hesitate in the future to

entertain motions for sanctions at that time.  Therefore, upon a full review of the record, the

court shall grant in part and deny in part defendants' Motion to Compel (Doc. 61).   Accordingly,

**IT IS THEREFORE ORDERED:**

---

[66] *Stoldt v. Centurion Indus.*, No. 03-2634, 2005 U.S. Dist. LEXIS 2343, at *26 (D. Kan.
2005) (quoting Fed. R. Civ. P. 37(a)(4)(C)).

(1)    Defendants' Motion to Compel (Doc. 61) is hereby granted in part and

denied in part;

(2)    Plaintiffs G.D., D.D., E.P., S.K. and P.P. shall, on or before **January 31,**

**2007**,  provide full and complete responses to Interrogatory Nos. 13, 15,

16, 22, and 26 in accordance with this order; and

(3)    Plaintiff E.P. shall on or before **January 31, 2007**, provide a full and

complete response to Interrogatory No. 3.

**IT IS SO ORDERED.**

Dated this 22nd day of January, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge