IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

G.D, D.D, E.P., P.P., J.O. and
S.K., individuals,

        Plaintiffs,

v.                                                      Case No.   06-2184-CM

MONARCH PLASTIC SURGERY, P.A. and
DANIEL BORTNICK, M.D.,

        Defendants.

_____

## **ORDER**

This matter comes before the court upon plaintiffs' Verified Statement of Attorneys Fees and Costs (Doc. 93) and defendants' Memorandum in Response to Court's Order to Show Cause (Doc. 94).

On January 24, 2007, the court granted in part and denied in part plaintiffs' Motion to Compel (Doc. 30) and defendants' Motion for Protective Order (Doc. 37).[1]  In the court's January 24, 2007 order, the court ordered plaintiffs to submit a verified accounting of the reasonable fees and expenses for which they seek recovery as a result of their Motion to Compel. Additionally, the court ordered defense counsel to Show Cause to the court in writing why defendants and/or defendants' counsel should not be taxed with plaintiffs' reasonable attorneys' fees and expenses in filing the Motion to Compel.  Plaintiffs filed their verified accounting with the court on February 2, 2007. Likewise, defendants filed their response to the court's order to

---

[1] *See* Doc. 90.

show cause on February 9, 2007.  The court therefore deems this matter ripe for disposition.

**Discussion**

Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If a motion to compel is granted . . . , the court *shall*, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust. (emphasis added).

Additionally, Fed. R. Civ. P. 37(a)(4)(C) "allows a court to impose sanctions where, as here, a motion to compel is granted in part and denied in part.  Under that rule, the court *may* 'apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.'"[2]

In this case, the court granted in part and denied in part plaintiffs' Motion to Compel. Thus, pursuant to Fed. R. Civ. P. 37(a)(4)(C), the court has discretion to apportion the reasonable expenses incurred in relation to plaintiffs' motion in a "just manner."  Defendants contend in part that the court should not award sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(C) because such award would be unjust, as defendants "rightfully resisted" the plaintiffs' motion.  The court agrees.  The court notes that while it ordered production and inspection of the defendants' computer, it also entered a protective order governing such production and inspection. Specifically, the court's protective order implemented two detailed procedures for producing and

---

[2] *Stoldt v. Centurion Indus.*, No. 03-2634, 2005 U.S. Dist. LEXIS 2343, at *26 (D. Kan. 2005) (quoting Fed. R. Civ. P. 37(a)(4)(C)).

inspecting defendants' computer.  The court implemented these two procedures in order to protect confidential medical and employment records and files contained on defendants' computer which the court found to be irrelevant to the instant case and therefore undiscoverable.

Finally, the court notes that in addition to granting in part and denying in part plaintiffs' Motion to Compel Production of Defendants' Computer, the court denied in whole plaintiffs' Motion to Compel to the extent that it sought production of "redacted" non-party medical records.

As a result of these factors, the court is not inclined to award plaintiffs sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(C).  Because the court agrees defendants rightfully resisted several aspects of plaintiffs' motion, and because the court wholly denied plaintiffs' motion to the extent it sought "redacted" non-party medical records, the court finds the most "just manner" to apportion fees and costs is for each of the parties to each pay their own.  Accordingly,

**IT IS THEREFORE ORDERED** that pursuant to the court's Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel/ Defendants' Motion for Protective Order (Doc. 90), each party shall pay their own fees and costs associated with the motions.

**IT IS FURTHER ORDERED** that no sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(C) are ordered at this time.

**IT IS SO ORDERED.**

Dated this 9th day of March, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge