IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| G.D., D.D., E.P., P.P., J.O., ) <br> and S.K., individuals, ) <br>   ) <br>             **Plaintiffs,** ) <br>   ) <br> v.  ) <br>   )   No. 06-2184-CM <br>   ) <br> **MONARCH PLASTIC SURGERY, P.A.** and ) <br> **DANIEL BORTNICK, M.D.,** ) <br>   ) <br>             **Defendants.** ) <br>   ) | |

**MEMORANDUM AND ORDER**

This action is before the court on Defendants' Motion to Dismiss Claims of Plaintiff J.O. (Doc. 96). Defendants ask the court to dismiss plaintiff J.O.'s claims as a sanction for failure to prosecute. Plaintiff was previously represented by counsel in this case, but she now proceeds *pro se*. Defendants filed the instant motion after plaintiff failed to appear for her properly-noticed deposition on February 19, 2007. Plaintiff did not file a response to defendants' motion, and the court ordered her to show cause why the motion should not be granted as uncontested. Plaintiff did not respond to the court's order, and the time for response has now passed.

The court finds that this case should be dismissed as a sanction for failure to prosecute. In applying this sanction, the court considers "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (citations omitted).

All three factors weigh in favor of dismissing plaintiff's case. First, while plaintiff will be prejudiced by dismissal of her case, she has made no effort to participate in the case since her

attorneys withdrew in December 2006. The pleadings indicate that plaintiff had notice of the deposition and the motion to dismiss her claims. Second, plaintiff has interfered with the judicial process by failing to participate in discovery or respond to defendant's motion or the court's order. Third, the court finds that plaintiff is culpable for her failure to respond to the court's order and participate in this case. Again, the record indicates that plaintiff had notice of her deposition and that the court gave her notice that her case could be dismissed if she did not respond to defendants' motion. For these reasons, the court finds that sanctions in the form of dismissal without prejudice are appropriate.

If plaintiff J.O. disagrees that her conduct in this case warrants the severe sanction of dismissal, she may file a motion to alter or amend judgment in accordance with the Federal Rules of Civil Procedure. If plaintiff J.O. demonstrates a valid reason why sanctions are not appropriate, the court may reinstate her claims with appropriate conditions governing plaintiff's participation.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Claims of Plaintiff J.O. (Doc. 96) is granted. Plaintiff J.O.'s claims are dismissed without prejudice for failure to prosecute.      Dated this 2nd day of April 2007, at Kansas City, Kansas.

 s/ Carlos Murguia
 **CARLOS MURGUIA**
 **United States District Judge**